IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

                                    Case No. 19 CR 2848 JB

vs.

VICTOR KEARNEY,

      Defendant.

## MOTION TO STRIKE DEFICIENT RULE 16 NOTICE AND TO EXCLUDE TESTIMONY OF PROPOSED EXPERTS FOR DEFICIENT NOTICE

Defendant Victor Kearney, by and through his counsel, Paul Linnenburger of Lane + Linnenburger + Lane LLP, hereby submits this Motion to Strike Deficient Rule 16 Notice and to Exclude Testimony of Proposed Experts for Deficient Notice and asks this Court to strike the Government's Amended Notice of Intention to Offer Possible Expert Testimony (Doc. 86) and to exclude the Government from calling the proposed experts for which it has submitted deficient Rule 16 Notices, including H. Myrle Schwalm, John Vierra and "Handwriting Expert [Not Yet Identified]," and/or, in the alternative, to order the Government to comply with Fed. R. Crim. P. 16 immediately and continue the matter to provide adequate time for the defense to prepare in light of the new disclosure. In support thereof, Defendant states as follows:

    1.    On February 15, 2023, this Court denied Defendant's request for continuance at a hearing. Later in the same hearing, the Government indicated it intended to call at least two previously unidentified experts at trial scheduled to commence March 6, 2023. During the hearing, the Government itself did not know the identity of either of those two potential proposed experts.

    2.    On February 17, 2023, the Government filed an Amended Notice of Intention to Offer Possible Expert Testimony in which it identified two proposed experts: H. Myrle Schwalm

and John Vierra. (Schwalm had previously been identified as a potential witness in a prior deficient Rule 16 notice).

3. Also on February 17, 2023, the Government filed the United States' Witness List identified "Handwriting Expert [Not Yet Identified]" as a potential witness.[1] (Doc. 88). There has been no Rule 16 notice as to "Handwriting Expert [Not Yet Identified]." As of the filing of this Motion, the Government has not so much as provided a name of the proposed "Handwriting Expert."

4. The Amended Notice does not comply with Fed. R. Crim. P. 16(a)(1)(G)in either its current iteration or the previous iteration.

5. Rule 16 requires disclosure, in writing, of the following:

   a. "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief";

   b. "the bases and reasons for [those opinions]";

   c. "the witness's qualifications, including a list of all publications authored in the previous 10 years"; and

   d. "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition."

Fed. R. Crim. P. 16(a)(1)(G)(iii). Furthermore, the disclosure must be approved and signed by the witness unless a previously signed report was submitted that contained "all the opinions and the bases and reasons for them" or the Government "states in the disclosure why it could not obtain the witness's signature through reasonable efforts." Fed. R. Crim. P. 16(a)(1)(G)(v). The

---

[1] In nearly twenty years of federal defense practice, undersigned counsel has never encountered a case in which the Government listed a proposed expert as "Not Yet Determined" mere days before trial.

Government's notice is almost entirely lacking in these regards.

6. As to the required disclosures concerning the opinions to be offered by the proposed expert Schwalm, the Government's Amended Notice states only generalized topics without any discussion of his actual opinions or the bases therefor. To the contrary, the Notice only states that Schwalm may testify "about the work he performed for Defendant Kearney and about the tax returns he filed prior to tax year 2007 and in tax years 2012 and 2016." (Doc. 86, p. 2). There is no indication of any opinions he will offer, let alone the required "complete statement."

7. As the required disclosures for Vierra, the Government similarly offers nothing but general topics that it expects Vierra to testify regarding without any mention of the actual opinions he formed (let alone the "complete opinion") and/or the bases and reasons for any opinion. Rather, the Amended Notice provides broad and vague language of general topics Vierra may purportedly testify as an expert within, such as "his job responsibilities", "filing requirements", "statutory due dates", "how and when amended tax returns are filed", "how losses are reported to the IRS", and "how and when losses affect tax liability." Within these topics, there is no indication as to what his actual opinion on any matters are. There is no information as to what he will testify are the "filing requirements" or "how and when amended tax returns are filed" or any of these other matters.

8. Further, the Amended Notice indicates Vierra will testify "as to the steps he took to calculate Defendant Kearney's tax liability dating back to tax year 2007 and for all tax years relevant to the charges in the indictment." Yet the notice does not state what Vierra's opinion is as to the "tax liability" or which tax years "are relevant to the charges in the indictment." It claims he may testify "about the tax returns that Defendant Kearney filed in this case, including those prepared by Defendant Fiser," but provides no indication what, if any opinion, he formulated about

those tax returns. Under the circumstances, there is no way for the defense to assess the proposed testimony, its propriety, its admissibility, or determine if rebuttal is necessary (or even what to rebut). The Notice does not comply with Rule 16.

9. As to "Handwriting Expert", the Government has not complied with a single requirement of Rule 16. It has not even provided deficient generalities. Most troublingly, as of the filing of this Motion, it has not even provided a name.

10. None of the disclosures are approved and signed by a proposed expert. (Although this is perhaps because they do not actually include any opinions to verify).

11. While the Government has clearly failed to comply with the recently instituted amendment to Rule 16, it also failed to comply with the requirements of the prior iteration of Rule 16, which also required a summary description of the actual opinions of the witness, and the bases and reasons therefor "to minimize surprise that often results from unexpected expert testimony … and to provide the opponent a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 advisory committee's note (1993). The Government's notice did not provided a description of a single actual opinion for any of its proposed experts and did not inform the defense if the expert(s) will provide only background information on a particular issue or will actually offer an opinion. This was deficient under the old rule. *See Id*.

12. The Government's disclosure is woefully insufficient to permit the defense to discern the substance of the proposed testimony, what opinion(s) are contained in the proposed testimony, and/or the basis for any of those opinions. For example, it is unclear whether the Government's experts intend to provide legal opinions regarding the tax laws that may run afoul of *Specht v. Johnson*, 853 F.2d 805 (10th Cir. 1988). Further, as noted above, it is unclear what, if

anything, the Government's experts intend to opine as to the taxes in this case. Under the circumstances, even with limited resumes for two of the proposed experts (one of which was just disclosed), without knowing what their opinions purport to be it is impossible to assess their qualifications for those opinions. As to the third, the defense does not even have a name.

13. The disclosure requirements of Rule 16 are "intended to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." Fed. R. Crim. P. 16 advisory committee's note (2022). At the same time, the rules recognize and incorporate the need for adequate disclosure in a reasonable time prior to trial. *See* Fed. R. Crim. P. 16(a)(1)(G)(ii) (requiring disclosure "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence."). Considering what a reasonable time for disclosure may be the Committee specifically noted the time it may take for the defense "to secure its own expert to respond to expert testimony disclosed by [the government]," and especially applicable here, considering "the time an appointed attorney may need to secure funding to hire an expert witness." Fed. R. Crim. P. 16 advisory committee's note (2022); *see also United States v. Sandoval*, 680 Fed. Appx. 713, 716 (10th Cir. 2017) (Rule 16 disclosure requirements intended to "ensure that an opposing party will have time to adequately prepare for trial (e.g., to prepare 'an effective cross-examination challenging the experts' qualifications and conclusions.' or to obtain a competing expert).").

14. In this case, there still has not been adequate disclosure to provide the defense a meaningful opportunity to locate an expert to respond to the proposed expert testimony disclosed.[2]

---

[2] Counsel was informed by accounting experts that it would not be feasible to provide analysis and rebuttal on such short notice if the Government provided a legitimate Rule 16 disclosure at this juncture. Ethical considerations would prevent any legitimate ethical accountant from undertaking that work on the minimal time-frame allowed due to the Government's deficient notice.

In part, this is because no expert testimony was actually disclosed and the defense does not know what opinions the Government proposes the defense may need to respond to. (As to one of the proposed experts, the defense has no information at all, not even a name). It is not feasible for the defense to review opinions at this stage and certainly not to locate an expert to respond to those specific opinions and for the defense expert to actually have a meaningful opportunity to review and respond. Further complicating the matter for the defense and further prejudicing Mr. Kearney, funding would need to be procured through the Criminal Justice Act. It is simply not possible for this to all occur within days as the Government apparently anticipates.

15. Non-compliance with the Rule 16 disclosure requirements justifies potential exclusion of expert testimony. *Sandoval*, 680 Fed. Appx. at 715 (citing *United States v. Banks*, 761 F.3d 1163, 1198 (10th Cir. 2014)); Fed. R. Crim. P. 16(d)(2)(C). Counsel submits that such a sanction is appropriate in this case as the Government has entirely neglected its responsibilities under Rule 16 and on the eve of trial would leave the defense hamstrung and without an ability to meaningfully respond. To permit the Government to proceed with such woefully inadequate notice, in particular on two previously undisclosed experts (one of which remains unnamed) at the eleventh hour would violate the spirit of Rule 16 and Mr. Kearney's Fifth and Sixth Amendment rights. He would be denied a meaningful opportunity to cross-examine the witnesses against him, a meaningful opportunity to procure and present his own witnesses in rebuttal, and the adequate assistance of counsel.

16. Counsel notes that Rule 16 also suggests an order for appropriate disclosure and accompanying continuance should be considered. *See also Banks*, 761 F.3d at 1198-1199 (noting the feasibility of curing prejudice to the other party with a continuance should be considered by the Court). Counsel submits that to comply with Rule 16, due process, and the Defendant's rights

to cross-examination, to call witnesses, and to counsel, at a minimum, an order compelling a full Rule 16 disclosure of all experts and an accompanying continuance is necessary here if the Court determines not to entertain suppression of the Government's proposed experts.

WHEREFORE, the Defendant Victor Kearney, requests this Court strike the Government's Amended Notice of Intention to Offer Possible Expert Testimony and exclude the Government's proposed experts and/or to order immediate compliance with Fed. R. Crim. P. 16 and continue this matter in accordance therewith.

Respectfully submitted:

By:   */s/ Paul Linnenburger*
PAUL LINNENBURGER
Lane + Linnenburger + Lane LLP
P.O. Box 6622
Albuquerque, New Mexico 87197
(505) 226-7979
Email: paul@attorneyslane.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of February 2023, I filed this pleading electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kimberly Brawley
Sean Sullivan
United States Attorney's Office
District of New Mexico
201 3rd Street NW, Suite 900
Albuquerque, New Mexico 87102

*/s/ Paul Linnenburger*
Paul Linnenburger