IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,      )
                             )
          Plaintiff,         )        CRIMINAL NO. 19-2848 JB
                             )
     vs.                  )
                             )
VICTOR KEARNEY,          )
                             )
        Defendant.      )

## UNITED STATES' REQUESTED JURY INSTRUCTIONS

Pursuant Fed. R. Crim. P. 30, the Government respectfully requests that the Court include the following in its instructions to the jury.[1]  The United States further requests permission to submit such additional instructions as may become appropriate during trial.

1. Pattern Jury Instruction 1.01 - Preliminary Instructions Before Trial

2. Pattern Jury Instruction 1.02 - Note-Taking by Jurors

3. Pattern Jury Instruction 1.03 - Introduction to Final Instructions

4. Pattern Jury Instruction 1.04 - Duty to Follow Instructions

5. Pattern Jury Instruction 1.05 - Presumption of Innocence - Burden of Proof - Reasonable Doubt

6. Pattern Jury Instruction 1.06 - Evidence Defined

7. Pattern Jury Instruction 1.07 – Evidence - Direct and Circumstantial - Inferences

8. Pattern Jury Instruction 1.08 - Credibility of Witnesses

9. Pattern Jury Instruction 1.08.1 - Non-Testifying Defendant (if applicable)

10. Pattern Jury Instruction 1.15 – Accomplice—Co-Defendant—Plea Agreement

---

[1] These proposed instructions include footnotes indicating the Defendant's objections to particular instructions and the Defendant's proposed instructions for the elements of the crimes.

11. Pattern Jury Instruction 1.17 - Expert Witness

12. Pattern Jury Instruction 1.18 - On or About

13. Pattern Jury Instruction 1.19 - Caution - Consider Only Crime Charged

14. Pattern Jury Instruction 1.20 - Caution - Punishment

15. Pattern Jury Instruction 1.22 - Multiple Counts

16. Pattern Jury Instruction 1.23 - Duty to Deliberate - Verdict Form

17. Pattern Jury Instruction 1.30 - Similar Acts

18. Pattern Jury Instruction 1.37 – Knowingly—Deliberate Ignorance

19. Pattern Jury Instruction 1.38 – Willfully—To Act

20. Pattern Jury Instruction 1.41 - Summaries and Charts

21. Pattern Jury Instruction 1.44 - Communication with the Court

22. Pattern Jury Instruction 2.19 – Conspiracy

23. Pattern Jury Instruction 2.93 – False Statements on Income Tax Return

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

/s/ *Filed electronically*
SEAN J. SULLIVAN
KIMBERLY A. BRAWLEY
Assistant United States Attorneys
PO Box 607
Albuquerque, NM 87103
(505) 346-7274

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused the opposing party of record to be
served by electronic means, as reflected on the Notice
of Electronic Filing.
      /s/
Kimberly A. Brawley
Assistant United States Attorney

## UNITED STATES' REQUESTED INSTRUCTION NO. 1[2]

Members of the Jury:

At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the United States as the prosecution. The United States is represented by Assistant United States Attorneys Sean Sullivan and Kimberly Brawley. The defendant, Victor Kearney, is represented by his lawyer, Paul Linnenburger.

The indictment charges the defendant with one count of conspiracy and one count of making a false statement on an income tax return. The indictment is simply the description of the charges made by the United States against the defendant; it is not evidence of guilt or anything else. The defendant pleaded not guilty and is presumed innocent. He may not be found guilty by you unless all twelve of you unanimously find that the United States has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The United States in its opening statement will tell you about the evidence that it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the United States' opening statement, the defendant's attorney may make an

---

[2] The Defendant objects to this instruction for the reasons stated in his "Memorandum in Support of Motion to Preserve Right to Jury Trial" (Docs. 54-55). The Defendant also objects to the inclusion of language suggesting "appeals" when discussing the stenographic record and believes this language suggests to the jury that their determination is not final. The Defendant requests that the Court strike the sentence, "This is basically to assist any appeals."

opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The United States will offer its evidence. After the United States' evidence, the defendant's lawyer may present evidence, but he is not required to do so. I remind you that the defendant is presumed innocent, and it is the United States that must prove the defendant's guilt beyond a reasonable doubt. If the defendant submits evidence, the United States may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial, I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly at the bench. But some of these conferences will take more time so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the United States and the defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law that you are to use in reaching your verdict.

During the course of the trial, I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

During the course of the trial, you should not talk with any witness or with the defendant or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun, you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Ms. Brawley, you may present the opening statement for the United States.

Tenth Circuit Pattern Jury Instructions Criminal 1.01 (2021) (PRELIMINARY INSTRUCTIONS BEFORE TRIAL) (modified)

## UNITED STATES' REQUESTED INSTRUCTION NO. 2

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note-taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

Tenth Circuit Pattern Jury Instructions Criminal 1.02 (2021) (NOTE-TAKING BY JURORS (ALTERNATIVE B))

## UNITED STATES' REQUESTED INSTRUCTION NO. 3[3]

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then, I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

Tenth Circuit Pattern Jury Instructions Criminal 1.03 (2021) (INTRODUCTION TO FINAL INSTRUCTIONS)

---

[3] The Defendant objects to this instruction for the reasons stated in his "Memorandum in Support of Motion to Preserve Right to Jury Trial" (Docs. 54-55).

**UNITED STATES' REQUESTED INSTRUCTION NO. 4[4]**

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

Tenth Circuit Pattern Jury Instructions Criminal 1.04 (2021) (DUTY TO FOLLOW INSTRUCTIONS)

---

[4] The Defendant objects to this instruction for the reasons stated in his "Memorandum in Support of Motion to Preserve Right to Jury Trial" (Docs. 54-55).

## UNITED STATES' REQUESTED INSTRUCTION NO. 5[5]

The United States has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require the defendant to prove his innocence or produce any evidence at all. The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Tenth Circuit Pattern Jury Instructions Criminal 1.05 (2021) (PRESUMPTION OF INNOCENCE—BURDEN OF PROOF—REASONABLE DOUBT)

---

[5] The Defendant objects to this instruction for the reasons stated in his "Memorandum in Support of Motion to Preserve Right to Jury Trial" (Docs. 54-55).

**UNITED STATES' REQUESTED INSTRUCTION NO. 6**[6]

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Tenth Circuit Pattern Jury Instructions Criminal 1.06 (2021) (EVIDENCE—DEFINED)

---

[6] The Defendant objects to this instruction for the reasons stated in his "Memorandum in Support of Motion to Preserve Right to Jury Trial" (Docs. 54-55).

## UNITED STATES' REQUESTED INSTRUCTION NO. 7

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts that point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts that have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

Tenth Circuit Pattern Jury Instructions Criminal 1.07 (2021) (EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES)

## UNITED STATES' REQUESTED INSTRUCTION NO. 8[7]

I remind you that it is your job to decide whether the United States has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant], who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the United States or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent mis-recollection – like failure of recollection – is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

---

[7] The Defendant objects to this instruction because he believes the Court "absolutely should not be instructing [the] jury on *how* to evaluate evidence, in particular when the Court instructs the jury simultaneously that it *must* follow the instructions. It impedes on the jury's role and unreasonably impedes on their fact-finding responsibilities."

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Tenth Circuit Pattern Jury Instructions Criminal 1.08 (2021) (CREDIBILITY OF WITNESSES)

## UNITED STATES' REQUESTED INSTRUCTION NO. 9

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country. It is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

Tenth Circuit Pattern Jury Instructions Criminal 1.08.1 (2021) (NON-TESTIFYING DEFENDANT)

**UNITED STATES REQUESTED INSTRUCTION NO. 10**

The government called as one of its witnesses an alleged accomplice, who was named as a co-defendant in the indictment. The government has entered into a plea agreement with the co-defendant.  Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict.  You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a guilty plea to the offense charged is not evidence of the guilt of any other person.

Tenth Circuit Pattern Jury Instructions Criminal 1.15 (2021) (ACCOMPLICE—CO-DEFENDANT—PLEA AGREEMENT)

**UNITED STATES REQUESTED INSTRUCTION NO. 11**[8]

During the trial, you heard the testimony of John Vierra, an Internal Revenue Service (IRS) revenue agent whose testimony included the filing requirements for individual taxpayers, the statutory due dates for filing individual tax returns and refund requests, how and when amended tax returns are filed, how losses are reported to the IRS, and how losses affect tax liability.  You also heard the testimony of Roman Hernandez, who testified about information and records maintained by the IRS, as well as IRS operations such as return processing, collection of delinquent taxes, and routine record-keeping.  Finally, you heard the testimony of Myrle Schwalm, a certified public accountant who expressed opinions in the field of accounting, finance, tax return preparation, and the Internal Revenue Code.

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Tenth Circuit Pattern Jury Instructions Criminal 1.17 (2021) (EXPERT WITNESS) (modified)

---

[8] The Defendant may object to this instruction, subject to potential objections on expert testimony and what testimony is presented a trial.

## UNITED STATES' REQUESTED INSTRUCTION NO. 12[9]

You will note that the indictment charges that the crimes were committed on or about certain dates. The United States must prove beyond a reasonable doubt that the defendant committed each crime reasonably near those dates.

Tenth Circuit Pattern Jury Instructions Criminal 1.18 (2021) (ON OR ABOUT) (modified)

---

[9] The Defendant objects that this instruction is a "misstatement of the law in this particular case given the timing of allegations."

## UNITED STATES' REQUESTED INSTRUCTION NO. 13[10]

You are here to decide whether the United States has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether the defendant has been proved guilty of the crime charged.

Tenth Circuit Pattern Jury Instructions Criminal 1.19 (2021) (CAUTION—CONSIDER ONLY CRIME CHARGED)

---

[10] The Defendant objects to this instruction for the reasons stated in his "Memorandum in Support of Motion to Preserve Right to Jury Trial" (Docs. 54-55).

## UNITED STATES' REQUESTED INSTRUCTION NO. 14[11]

If you find the defendant guilty, it will be my duty to decide what the punishment will be.

You should not discuss or consider the possible punishment in any way while deciding your

verdict.

Tenth Circuit Pattern Jury Instructions Criminal 1.20 (2021) (CAUTION—PUNISHMENT
(Non-Capital Cases))

---

[11] The Defendant objects to this instruction for the reasons stated in his "Memorandum in Support of Motion to
Preserve Right to Jury Trial" (Docs. 54-55).

**UNITED STATES' REQUESTED INSTRUCTION NO. 15**

A separate crime is charged against the defendant in each count of the indictment. You must separately consider the evidence against the defendant on each count and return a separate verdict for each count.

Your verdict as to any one count, whether it is guilty or not guilty, should not influence your verdict as to the other count.

Tenth Circuit Pattern Jury Instructions Criminal 1.22 (2021) (MULTIPLE DEFENDANTS – MULTIPLE COUNTS) (modified)

**UNITED STATES' REQUESTED INSTRUCTION NO. 16**[12]

In a moment, you will be escorted to the jury room and each of you will be provided with a copy of the instructions I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson who will help guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts. You must decide whether the United States has proved the defendant guilty beyond a reasonable doubt.

---

[12] The Defendant objects to this instruction for the reasons stated in his "Memorandum in Support of Motion to Preserve Right to Jury Trial" (Docs. 54-55). The Defendant also objects to this instruction and states, "[I]t is inappropriate for the court to direct how deliberations go and this instruction impedes on the jury's role."

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

Tenth Circuit Pattern Jury Instructions Criminal 1.23 (2021) (DUTY TO DELIBERATE—VERDICT FORM) (modified)

## UNITED STATES' REQUESTED INSTRUCTION NO. 17[13]

You have heard evidence of other [crimes] [acts] [wrongs] engaged in by the defendant. You may consider that evidence only as it bears on the defendant's [e.g., motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

Tenth Circuit Pattern Jury Instructions Criminal 1.30 (2021) (SIMILAR ACTS)

---

[13] The Defendant may object to this instruction, subject to the evidence presented at trial.  The United States agrees that this instruction may not be applicable but included it for the time being out of an abundance of caution.

## UNITED STATES' REQUESTED INSTRUCTION NO. 18[14]

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of [the fact in question], unless the defendant did not actually believe [the fact in question].

Tenth Circuit Pattern Jury Instructions Criminal 1.37 (2021) (KNOWINGLY—DELIBERATE IGNORANCE) (modified)

---

[14] The Defendant objects that this instruction amounts to a "premature inclusion of [the] ostrich instruction and generally to inclusion of ostrich instruction."

## UNITED STATES' REQUESTED INSTRUCTION NO. 19

The crime of making a false statement on a tax return requires the United States to prove beyond a reasonable doubt that the defendant acted willfully.  The term "willfully" means to voluntarily and intentionally violate a known legal duty.


Tenth Circuit Pattern Jury Instructions Criminal 1.38 (2021) (WILLFULLY—TO ACT) (modified)


*Cheek v. United States*, 498 U.S. 192, 200-011 (1991) (recognizing the complexity of tax laws, holding that its cases "conclusively establish that the standard for the statutory willfulness requirement is the 'voluntary, intentional violation of a known legal duty.'"


*United States v. Guidry*, 199 F.3d. 1150, 1156 (10th Cir. 1999) (affirming the defendant's conviction for filing a false tax return and holding that the jury instruction "clearly stated the correct legal standard" where jury was instructed that "the term 'wilfully' means to voluntarily and intentionally violate a known legal duty.'"

## UNITED STATES' REQUESTED INSTRUCTION NO. 20

Certain charts and summaries have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts.

Tenth Circuit Pattern Jury Instructions Criminal 1.41 (2021) (SUMMARIES AND CHARTS)

**UNITED STATES' REQUESTED INSTRUCTION NO. 21**

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the [marshal] [court room deputy], who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

Tenth Circuit Pattern Jury Instructions Criminal 1.44 (2021) (COMMUNICATION WITH THE COURT) (modified)

## UNITED STATES' REQUESTED INSTRUCTION NO. 22[15]

The defendant is charged with a violation of 18 U.S.C. § 371.

This law makes it a crime to conspire to commit an offense against the United States.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant agreed with at least one other person to violate the law.

Second: one of the conspirators engaged in at least one overt act furthering the conspiracy's objective.

Third: the defendant knew the essential objective of the conspiracy.

Fourth: the defendant knowingly and voluntarily participated in the conspiracy.

---

[15] The Defendant provided undersigned counsel with the following instruction, which he requests be used instead of the 10th Circuit Pattern Instruction proposed by the United States:

Mr. Kearney is charged in count one of the Indictment with a violation of 21 [sic] U.S.C. section 7201 [sic]. This law makes it a crime to conspire to defeat the lawful function of the Internal Revenue Service of the United States.
To find Mr. Kearney guilty of this offense you must be convinced that the government proved each of the following beyond a reasonable doubt:
First:      Mr. Kearney knowingly entered an agreement with another person;
Second:    The agreement was intended to violate the law;
Third:     Mr. Kearney knowingly and voluntarily participated in said agreement and specifically intended to violate the law;
Fourth:    Mr. Kearney and others in the agreement were interdependent; and
Fifth:     Mr. Kearney or others in the agreement engaged in at least one overt act furthering the intent to deceive the IRS.
For purposes of this instruction, fraud is an intentional or deliberate misrepresentation of the truth for the purpose of inducing another in reliance on it to part with a thing of value or to surrender a legal right and to act with an "intent to defraud" means to act knowingly and with the intention or purpose to deceive or cheat someone.
Parties to an agreement are "interdependent" if they intended to act together for their shared mutual benefit within the scope of agreement as charged.

**Source**: 10th Cir. Pattern Jury Instructions (Criminal) §2.19 [modified] *United States v. Adkinson*, 158 F.3d 1147 (11th Cir. 1998); *United States v. Klein*, 247 F.2d 908 (2nd Cir. 1957); <u>*Cheek v. United States*</u>, 498 U.S. 192 (1991).

Fifth:  there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

Tenth Circuit Pattern Jury Instructions Criminal 2.19 (2021) (CONSPIRACY)

## UNITED STATES' REQUESTED INSTRUCTION NO. 23[16]

The defendant is further charged with a violation of 26 U.S.C. § 7206(1).

This law makes it a crime for anyone willfully to make a false material statement on an income tax return.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant signed an income tax return that contained a written declaration that it was made under the penalties of perjury;

Second: the return contained a false statement as alleged in the indictment;

Third: the defendant knew the statement was false;

---

[16] The Defendant provided undersigned counsel with the following instruction, which he requests be used instead of the Tenth Circuit Pattern Instruction proposed by the United States:

Mr. Kearney is charged in count three of the Indictment with a violation of 21 [sic] U.S.C. section 7206(1). This law makes it a crime for anyone to willfully make a false material statement on an income tax return.
To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:
First:        Mr. Kearney signed an income tax return for the year 2011 that contained a written declaration that it was made under the penalties of perjury;
Second:    The 2011 return contained a false statement that underreported the taxable income of Mr. Kearney for that year;
Third:      Mr. Kearney knew the report of his taxable income on the 2011 return was false;
Fourth:    Mr. Kearney acted willfully;
Fifth:       The statement concerned a matter necessary to the correct computation of taxes owed and was capable of influencing the decision of the Internal Revenue Service; and
Sixth:      Mr. Kearney filed the 2011 return with the Internal Revenue Service.
For purposes of this instruction, to find Mr. Kearney acted "willfully", you must find that, at the time he signed the return, Mr. Kearney knew it was materially incorrect or in violation of existing tax laws and that he did not have a good faith misunderstanding of the law or a good faith believe that he was not violating the law, regardless of whether or not that you find such a belief was reasonable.

**Source**:        10th Cir. Pattern Jury Instructions (Criminal) §2.93 [modified]; *Cheek v. United States*, 498 U.S. 192 (1991); *United States v. Morris*, 20 F.3d 1111 (11th Cir. 1994).

Fourth: the defendant acted willfully, that is, with the voluntary intent to violate a known legal duty;

Fifth: the statement was material; and

Sixth: the defendant filed the income tax return with the Internal Revenue Service.


The tax return must be false as to [the matter stated in indictment]. The government, however, is not required to prove that the defendant owed any additional tax for the year in question. A monetary loss to the government is not an element of this crime.

The fact that an individual's name is signed to a return means that you may find that the tax return was in fact signed by that individual, until and unless outweighed by evidence presented which leads you to a different conclusion.

If you find proof beyond a reasonable doubt that the defendant signed his tax return, you may, but are not required to, find that the defendant knew of the false matter in the return.


A statement is material under this law if it concerned a matter necessary to the correct computation of taxes owed and was capable of influencing the decision of the Internal Revenue Service.


Tenth Circuit Pattern Jury Instructions Criminal 2.93 (2021) (FALSE STATEMENTS ON INCOME TAX RETURN) (modified)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,          )
                                   )
               Plaintiff,          )
                                   )
       vs.                         )        CRIMINAL NO. 19-2848 JB
                                   )
VICTOR KEARNEY,                    )
                                   )
               Defendant.          )

## **V E R D I C T**

1. With respect to the charge of Conspiracy, in violation of 18 U.S.C. § 371, in Count 1 of the Indictment, we find the defendant **VICTOR KEARNEY**:


    _____ Guilty              _____ Not Guilty




2. With respect to the charge of Making and Subscribing a False Tax Return, in violation of 26 U.S.C. § 7206(1), in Count 3 of the Indictment, we find the defendant **VICTOR KEARNEY**:


    _____ Guilty              _____ Not Guilty



    Dated this _____ day of _____, 2023.
                                    [MONTH]


                            _____
                            FOREPERSON