

**U.S. Department of Justice**

United States Attorney

District of New Mexico

Post Office Box 607    505/346-7274
Albuquerque, New Mexico 87103    505/346-7224
FAX 505/346-7296

June 30, 2023

**VIA E-MAIL**
The Honorable James O. Browning
United States District Court
Pete V. Domenici United States Courthouse
333 Lomas Blvd NW, Suite 660
Albuquerque, NM 87102

     Re:    *United States v. Victor Kearney*, 19-CR-2848 JB

Dear Judge Browning,

     As instructed, counsel for the United States have conferred with the office's appellate division. In the event that Victor Kearney raises a jury-instruction argument on appeal, the appellate division intends to defend the Count 1 conviction against such challenge.

     First, Kearney's argument is subject to plain-error review because he did not raise any objection to the court's instruction before trial. Kearney's proposed instruction No. 8, the one that he evidently intended to serve as Count 1's instruction, confusingly referred to a violation of 21 [sic] U.S.C. 7201, not 18 U.S.C. 371. It then proposed embedding intent-to-defraud within the overt act element, *see* Doc. 97 ("Mr. Kearney or others in the agreement engaged in at least one overt act furthering the intent to defraud the IRS."), before defining fraud and intent to defraud in a separate paragraph following the elements. Notably, the instruction that Kearney now submits the Court should give in the event of a retrial, which locates the intent to defraud inside three separate elements, bears little resemblance to the one he proposed before trial.

     But even if Kearney's proffered instruction would have served to preserve his objection absent further developments, Kearney forfeited any objection when, during the Court's conference with counsel on the final instructions, the Court invited the parties to make any objections they had to the Court's proposed instructions, and Kearney thereafter failed to raise any objection to the lack of an explicit reference to fraud in the conspiracy instruction. *United States v. Harris*, 695 F.3d 1125, 1130 (10th Cir. 2012) (reviewing for plain error when defense counsel said he had no objection to the court's instructions). When the Court turned to the elements instructions, Tr. 981-82, defense counsel spoke up to say, "Judge, just for the record, on the element, I submitted proposals." *Id.* at 982. The Court then asked for clarification on what counsel was trying to accomplish with the deviations (from the pattern instructions), and counsel responded:

     Well, I think -- and if we're having a separate reliance on counsel instruction, I think that

that addresses part of what was my proposed 9, which was the elements on that, and that was what I was trying to do, was to incorporate that like in the -- I think it was the chief's decision on what -- in the context of tax fraud.

Nothing about this comment regarding Kearney's proposed instruction 9—that is, his proposed instruction for *Count 2*—conveyed to the Court the idea that Kearney objected to the lack of a fraud instruction in Count 1. (Nor did the mere mention of a Klein conspiracy during the Rule 29 argument serve to do so. Tr. 883.). Counsel then affirmed that Kearney had no objection to the Court's elements instructions. *Id.* at 892-93.

Applying the plain-error test, Kearney's claim fails. As the United States has discussed in its response to Kearney's motion for new trial, the jury instructions were not erroneous because on the whole, they conveyed that the alleged object of the conspiracy was "to defraud the United States for the purpose of impeding" the IRS in the collection of income taxes. *See* Doc. 132 at 14 (instruction on the indictment); Doc. 131 (verdict form, entering a guilty verdict on conspiracy "as charged in Count 1 of the Indictment"). Indeed, the instructions twice referred to the "objective" of the conspiracy—both in the overt act and knowledge elements—and from the indictment, it was clear that that objective was to defraud the United States for purposes of impeding the IRS's collection of income taxes.

Next, any error was not plain because Kearney has not provided any authority establishing that repeated reference in the instructions to the conspiracy's objective, when paired with an indictment that made that objective clear, is insufficient to convey the requirements of a *Klein* conspiracy.

Furthermore, any error did not affect Kearney's substantial rights because of the powerful evidence of Kearney's participation in the conspiracy with a purpose to defraud the United States by impeding the IRS's collection of income tax. Once the Alvarado Realty Company was reorganized such that Kearney received more lucrative amounts of trust income as well as the money that had been set aside to pay the taxes, which Kearney was obligated to pay, he ceased hiring Myrle Schwalm, the CPA who had been doing Kearney's tax work for years, and instead hired Robert Fiser, a tax attorney who was a willing participant in Kearney's scheme to not report the trust income to the IRS. Moreover, when Fiser subsequently prepared amended tax returns for Kearney that pertained to the tax years in question, Kearney never filed the amended returns.

The evidence presented at trial was replete with proof that Kearney knowingly conspired to defraud the IRS, and the jury found the evidence was sufficient to convict. Furthermore, the jury found beyond a reasonable doubt that Kearney committed five of the six overt acts that were submitted for its consideration. The Court can therefore be confident that any error did not influence the verdict.

Very truly yours,

ALEXANDER M.M. UBALLEZ
United States Attorney

*K. Brawley*

KIMBERLY A. BRAWLEY and
SEAN J. SULLIVAN
Assistant United States Attorneys

cc: Paul Linnenburger, counsel for Defendant Kearney